SHAHANE A. MARTIROSYAN (SBN 295471)
STEPHAN FILIP P.C.
100 W. Broadway Suite 1040
Glendale, CA 91210
Tel:(323) 303.3533
Fax:(323) 303.3534

Attorneys for Plaintiff,
Gary Wall

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY WALL , an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br><br>FEDEX CORPORATION, a Delaware Corporation; FEDERAL EXPRESS CORPORATION, a Delaware Corporation; and DOES 1 — 100, inclusive,<br><br>    Defendants. | Case No.<br><br>ASSIGNED FOR ALL PURPOSES TO HONORABLE ___; DEPT. ____<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF LABOR CODE SECTION 1102.5;**<br><br>2. **DISCRIMINATION ON THE BASIS OF DISABILITY/PERCEIVED DISABILITY/MEDICAL CONDITION;**<br><br>3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATION;**<br><br>4. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS;** |

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

5. **RETALIATION IN VIOLATION OF THE FEHA;**

6. **FAILURE TO INVESTIGATE DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12940(J);**

7. **FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12940(K); AND**

8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff Gary Wall ("Wall " or "Plaintiff") and states and alleges his complaint against FEDEX CORPORATION, a California Corporation; FEDERAL EXPRESS CORPORATION, a California Corporation; and DOES 1 through 100, (hereinafter, collectively, "FedEx" or "Defendants"), as follows:

1.      This is a Complaint for Violation Of Labor Code Section 1102.5; Discrimination On The Basis Of Disability/Perceived Disability/Medical Condition; Failure To Provide Reasonable Accommodation; Failure To Engage In Interactive Process; Retaliation In Violation Of The FEHA; Failure To Investigate Discrimination In Violation Of California Government Code Sections 12940(J);  Failure To Correct And Remedy Discrimination In Violation Of California Government Code Sections 12940(K); and Intentional Infliction Of Emotional Distress.

2.      On February 19, 2024, Plaintiff Wall filed a timely complaint against Defendants with the State of California, Civil Right Department ("CRD") against Defendants, in which he alleged

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

FEHA violations, including discrimination, retaliation, and requested and received his right to sue letter.

## JURISDICTION & EXHAUSTION

3.      This court has jurisdiction herein pursuant to California Government Code section 12920 *et seq.* and Code of Civil Procedure section 395 subdivision (a). Plaintiff was employed by Defendants within the Los Angeles County, State of California.

## PARTIES

4.      At all times material herein, Plaintiff  Wall  was a resident of the County of Los Angeles, State of California and worked in Los Angeles County. Plaintiff is, and all relevant times was a member of a protected class of persons with a disability under the California Fair Employment and Housing Act, Government Code §12900, *et seq.* Plaintiff is, and at specific relevant times was, disabled and a member of a protected class of persons based on his disability under the California Fair Employment and Housing Act, Government Code §12900, *et seq.*

5.      At all times material herein, FedEx Corporation, Inc. was a Delaware Corporation doing business in California and in the County of Los Angeles. Defendant was Plaintiff's employer at all relevant times mentioned in this Complaint.

6.      At all times material herein, Defendant Federal Express Corporation, Inc. was a Delaware Corporation entity doing business in California and in the County of Los Angeles. Defendant was Plaintiff's employer at all relevant times mentioned in this Complaint.

7.      In doing the acts herein alleged, FedEx's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants. Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of their employees, subcontractors, and agents, and are vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

## DOE DEFENDANTS

8.      The full extent of the facts linking the fictitiously designated Defendants with the causes of action alleged herein are unknown to Plaintiff at this time. In addition, the true names, and capacities, whether individual, plural, corporate, partnership, associate, or otherwise are also

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

unknown to Plaintiff at this time. Plaintiff, therefore, designates such Defendants as DOES 1 to 100 inclusive, and sues them under those fictitious names.

9.      To the extent such DOE Defendants are corporate entities, Plaintiff sues them in that capacity and such corporate entities are responsible for all acts of their employees, agents, representatives, and principals as all alleged actions were done within the course and scope of their employment.

10.      To extent such DOE Defendants are individuals, Plaintiff sues them in that capacity and alleges that they took the actions as agents of a corporate entity or for the benefit of themselves.

11.      Plaintiff alleges that each and every Defendants designated as DOE was responsible for the events referred to therein and, in some manner, caused injuries to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendants is so responsible and will ask leave of Court to amend this Complaint to show their respective true names and capacities when ascertained.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12.      FedEx hired Plaintiff on October 18, 2002, as a sheet metal mechanic. FedEx promoted Plaintiff to maintenance inspector in 2005. In 2015, FedEx promoted Plaintiff to a quality assurance liaison. Plaintiff reported to Randy Brinsfield.

13.      On July 6, 2022, Plaintiff returned to work from two major surgeries for lumbar fusion. He had limitations including L5 nerve damage. The doctor released him with restrictions, (light duty). Plaintiff provided the light duty note to his manager. Neither his manager nor anyone from the human resources department engaged in the interactive process with Plaintiff or provided him with accommodation.

14.      Under FedEx's own policies and procedures for reasonable accommodation, Plaintiff's managers and/or Human Resources representatives should have met with Plaintiff to discuss Plaintiff's physical limitations, their impact on Plaintiff's ability to perform his job, and reached an agreement for Plaintiff to work with certain accommodations that would allow him to work without further physically harming himself. However, FedEx did not comply with its own accommodation policies and procedures further harming Plaintiff.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

15.    Plaintiff was required to and he continued to perform full duty without restrictions. Plaintiff's physical condition became worse because of the lack of accommodation.

16.    Between 2022 and 2023, Plaintiff identified variety of safety issues regarding maintenance. For instance, on December 2, 2023, Plaintiff complained to Brinsfield:

Randy, I need to express the following regarding systemic major repair findings. We discussed this in the focus meeting with maintenance on Wednesday. The lack of concern/response/corrections/mitigation to stop chronic non compliance. I have to say QC is responsible as well. Any buyback makes both maintenance and QC equally responsible. 90% of the findings both maintenance and QC are responsible for.

I don't receive consistent replies from QC Management regarding findings. I always include them in emails sent for every document identified. QC for many months has not attended focus meetings. I believe it would help if they did.

All we can do as QA is identify we can't enforce compliance. QC can.

17.    Plaintiff did not receive any productive response, instead, experienced increased hostility from management and peers for holding up the planes from entering revenue service by identifying major repairs and not signing off on them without proper documentation and maintenance. This continued for months.

18.    In December 2022, Plaintiff began experiencing severe back problems and began seeking medical treatment. He continued to work without accommodations/restrictions documented by FedEx.

19.    The retaliation toward Plaintiff persisted in raising complaints and requesting accommodations. In May 2023, Aircraft N589FE was nearing release. There were a number of major repair documents that QA had identified as non-compliant. The non-compliance had been given to maintenance immediately upon identification. Maintenance did not address these findings in a timely manner. Plaintiff was harassed, intimidated, insulted, and personally attacked on the situation, and claimed to be responsible if the aircraft could not be released as scheduled by Felix Bautista, Senior Manager. This was one of the worst experiences he had as a QA liaison at LAX. At the time, Plaintiff

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

was having serious physical issues including back problems, wearing a catheter, and having a serious UTI. Plaintiff refused to simply push the aircraft to revenue service without proper repairs.

20.     Plaintiff was placed on temporary total disability as his condition became worse on July 12, 2023. He began medical leave of absence on August 18, 2023.

21.     While he was out on a leave of absence, FedEx began the process of relocating over 400 employees due to the facility being closed in early 2024. All employees had to be relocated per staffing **effectiveness** procedures. On August 31, 2023, Plaintiff received a job offer letter for another location, per staffing effectiveness company policy 4-75. Plaintiff was disabled and not released medically to return to work at that time. Plaintiff informed his manager Randy Brinsfield, his senior manager Selenita Williamson, his director Mike Young, and human resources representative Carly Anderson that he would not be able to consider a job offer until he was not totally disabled and released to return to work. HR Anderson and Jeff Watson informed him that if he did not accept or decline the offer, he would not have another chance in the future and lose his staffing effectiveness rights. The company policy for staffing effectiveness 4-75 relocation due to job elimination identifies that an employee returning from leave, e.g., medical leave must be returned to work per 4-75, and not the LOA return from leave policy 1-6. Between August 31, 2023, and October 27, 2023, Plaintiff was inundated to respond to the offer letter even though FedEx knew that Plaintiff could not return while disabled. Plaintiff protested that that the company's position was in violation of company policy.

22.     Plaintiff filed an internal complaint for discrimination and retaliation on October 23, 2023. After speaking with Lisa Monahan, Plaintiff did not proceed with the retaliation complaint out of fear of repercussions. However, Plaintiff did proceed with the discrimination complaint based on his disability. The outcome of the alleged investigations into the discrimination complaint was non-sensical at best and punitive in nature against Plaintiff. Plaintiff sent multiple follow-ups to find out the results of his complaints, but did not receive any proper responses.

23.     As a direct and proximate result of the Defendants' conduct, as set forth above, Plaintiff's emotional well-being has suffered and will continue to suffer; Plaintiff has and continues to exercise severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he has

and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits, and other damages, the precise amount to be proven at trial.

24.     Defendants' despicable conduct as described herein was malicious, oppressive, and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Defendants conducted, condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants and DOES 1 – 100 under California Civil Code Section 3294.

**FIRST CAUSE OF ACTION**

**Violation Of Labor Code Section 1102.5**

**(Plaintiff Against All  Defendants and Does 1 to 100)**

25.     Plaintiff hereby repeats and realleges each and every allegation contained throughout this Complaint, and incorporates same by reference with the same force and effect as though set forth in full at this point.

26.     As alleged herein, Defendants discharged Plaintiff in retaliation for his request for accommodation for his own disability, for his complaints of unsafe aircraft being pushed to revenue service.

27.     Defendants' adverse employment action toward Plaintiff's employment is a violation of a state/federal statute and/or violation of/noncompliance with a local/state/federal rule and/or regulation pertaining to the FEHA and OSHA regulations.

28.     Defendants engaged in adverse employment actions against Plaintiff.

29.     Plaintiff's request for accommodation for his own disability, his complaints of unsafe aircraft being pushed to revenue service was a contributing factor in Defendants' decision to terminate Plaintiff.

30.     As a direct and proximate result of Defendants' conducts as set forth above, Plaintiff's emotional wellbeing have suffered and will continue to suffer, Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

31.      Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights and public health and well-being. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

32.      Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## SECOND CAUSE OF ACTION

### Discrimination On the Basis of Disability/Perceived Disability/ Medical Condition
### (Plaintiff Against FedEx)

33.      Plaintiff realleges each and every allegation contained within this Complaint with the same force and effect as though fully set forth herein.

34.      Plaintiff alleges that Defendants wrongfully discriminated against his based on his disability/perceived disability/ medical condition as listed in the statement of facts above.

*35.*      Defendants are sued in their capacity as Plaintiff's employer within the meaning of California Government Code Sections 12940 *et seq.*

36.      Defendants knew that Plaintiff's disability and/or medical condition limited a major life activity such as working. Defendants knew that Plaintiff's disability limited a major life activity such as working. Plaintiff was able to perform the essential job duties of his position either with or without reasonable accommodation for his condition.

37.      Defendants engaged in variety of adverse employment actions against Plaintiff including but not limited to, Defendants asked impermissible non-job-related questions, retaliated against Plaintiff for requesting accommodation, denied employment benefits and privileges, denied work opportunities and assignments, reprimanded him. Plaintiff's request for accommodation was a substantial motivating factor in the adverse employment action.

38.      As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has suffered and will continue to suffer. Plaintiff has experienced and continues

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that they have and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

39.    Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

40.    Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

### THIRD CAUSE OF ACTION

### Failure To Provide Reasonable Accommodation

### (Plaintiff Against FedEx)

41.    Plaintiff realleges each and every allegation contained within this Complaint with the same force and effect as though fully set forth herein.

42.    Plaintiff alleges that Defendants failed to reasonably accommodate his disability as listed in the statement of facts above.

*43.*    Defendants are sued in its capacity as Plaintiff's employer within the meaning of California Government Code Sections 12940 *et seq.*

44.    Defendants knew that Plaintiff's disabilities limited a major life activity such as working because Plaintiff told Defendants said information. Defendants knew that Plaintiff was able to perform the essential job duties of his position either with or without reasonable accommodation for his condition.

45.    Plaintiff was able to perform the essential job duties of his position either with or without reasonable accommodation for his condition.

46.    Defendants failed to provide reasonable accommodation for Plaintiff's disability.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

47.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that they have and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

48.     Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

49.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

**FOURTH CAUSE OF ACTION**

**Failure To Engage in Interactive Process**

**(Plaintiff Against FedEx)**

50.     Plaintiff realleges each and every allegation contained within this Complaint with the same force and effect as though fully set forth herein.

51.     Plaintiff contends that Defendants failed to engage in a good-faith interactive process with his to determine whether it would be possible to implement effective reasonable accommodation so that Plaintiff was able to perform his essential job functions.

52.     Defendants are sued in its capacity as Plaintiff's employer within the meaning of California Government Code Sections 12940 *et seq.*

53.     Defendants knew that Plaintiff's disabilities affected a major life activity such as working. Defendants knew that Plaintiff was able to perform the essential job duties of his position either with or without reasonable accommodation for his condition.

54.     Plaintiff requested that Defendants make reasonable accommodation for his personal disability so that he would be able to perform the essential job requirements.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

55. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

56. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

57. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that they have and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

58. Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

59. Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## FIFTH CAUSE OF ACTION

### Retaliation In Violation of the FEHA

### (Plaintiff Against FedEx)

60. Plaintiff realleges each and every allegation contained within this Complaint with the same force and effect as though fully set forth herein.

61. At all times mentioned herein, California Government Code sections 12940, et seq. were in full force and effect and were binding on Defendants. Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(h), it is an unlawful' employment practice for an employer or person to discharge, expel, or otherwise discriminate against

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

any person because the person engaged in certain protected activities, such as requesting accommodation for disability or requesting time off to treat for medical condition.

62.    It is unlawful for an employer to retaliate against any person because the person has opposed any practice forbidden under the California Fair Housing and Employment Act, or because the person has filed a complaint, testified, or assisted in any proceeding thereunder. California Code of Regulations, title 2, section 11039(a)(1)(1) provides, in pertinent part, that "it is unlawful for any employer to... retaliate, discharge, or otherwise discriminate against an applicant or employee because he has opposed employment practices forbidden under the FEHA or because he has filed a complaint, testified, or assisted in any proceeding under the FEHA."

63.    Plaintiff engaged in protected activity by requesting a reasonable accommodation under the FEHA and taking a leave.

64.    Defendants engaged in variety of adverse employment actions against Plaintiff including but not limited to, Defendants asked impermissible non-job-related questions, retaliated against Plaintiff for requesting accommodation, denied employment benefits and privileges, denied work opportunities and assignments, reprimanded him. Plaintiff's request for accommodation was a substantial motivating factor in the adverse employment action.

65.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that they have and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

66.    Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

67.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

### SIXTH CAUSE OF ACTION

### Failure To Investigate Discrimination in Violation of California Government Code sections 12940(J)

### (Plaintiff Against FedEx)

68.     Plaintiff hereby repeats and re-alleges each and every allegation contained in all of the other paragraphs of this complaint, and incorporates same by reference with the same force and effect as though fully set forth in full at this point.

69.     At all times mentioned herein, California Government Code sections 12940 et seq. were in force and effect and were binding on Defendants. Under the Fair Employment and Housing Act ("FEHA"), California Government Code sections 12940(j), employers are required to take all reasonable steps necessary to investigate complaints of discrimination and harassment promptly and thoroughly, and to take immediate and appropriate corrective action to end discrimination and harassment.

70.     Defendants failed to promptly and/or adequately investigate Plaintiff's complaints of request for accommodation.

71.     In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, and retaliation and in failing and/or refusing to take all reasonable steps necessary to prevent the retaliation from occurring, Defendants, and each of them, violated California Government Code sections 12940(j).

72.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that they have and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

73.     Defendants' despicable conduct as described herein was malicious and oppressive and done with conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and they had that effect. Defendants condoned, ratified, and encouraged unlawful conduct. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

74.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## SIXTH CAUSE OF ACTION

### Failure To Correct and Remedy Discrimination

### in Violation of California Government Code Sections 12940(K)

### (Plaintiff Against FedEx)

75.     Plaintiff hereby repeats and re-alleges each and every allegation contained in all of the other paragraphs of this complaint, and incorporates same by reference with the same force and effect as though fully set forth in full at this point.

76.     Defendants failed to take all reasonable steps to correct and remedy the harassment of Plaintiff, in violation of California Government Code § 12940(j), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst other things.

77.     Specifically, during the course of this misconduct, Defendants failed to take immediate and appropriate corrective action to remedy the discrimination of Plaintiff.

78.     As a result of Defendants' failure to correct or remedy the unlawful discrimination of Plaintiff, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities Plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

79.     As more fully set forth above, Defendants' failure to correct or remedy the unlawful discrimination and harassment was intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

80.     Plaintiff also seeks an equitable declaration that Defendants engaged in unlawful acts and an injunction and order obligating Defendants to comply with their obligations under the California Fair Employment and Housing Act as specified by the Court.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff Against All Defendants and Does 1 to 100)

81.     Plaintiff hereby repeats and re-alleges each and every allegation contained in all of the other paragraphs of this complaint, and incorporates same by reference with the same force and effect as though fully set forth in full at this point.

82.     As described herein, Defendants' conduct toward Plaintiff was outrageous in that said conduct was beyond all bounds of decency. Defendants responded by retaliating against Plaintiff in terms and conditions of employment, by numerous unlawful, retaliatory actions including but not limited to subjecting Plaintiff to a hostile work environment, ridicule, false accusations, harassment, and other acts of continuing retaliation.

83.     Defendants' despicable and outrageous conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. All said conduct was intentional and done to oppress and humiliate Plaintiff. Defendants' said conduct would cause Plaintiff to suffer severe emotional distress. Said conduct, in fact, caused Plaintiff to suffer severe emotional distress the precise amounts to be proven at trial.

84.     Plaintiff did not consent to any of the outrageous conduct. None of the conduct was privileged. Defendants committed said acts by asserting their power over Plaintiff with regard to his employment, compensation, or other benefits.

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

85.     As a direct and proximate result of the Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has suffered and will continue to suffer; Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

86.     Defendants' acts were fraudulent and designed to humiliate and oppress Plaintiff and to cause his injury and this conduct had this effect. Thus, Plaintiff is entitled to punitive damages against Defendants under California Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants, and each of them, jointly and severally as follows:

1.     That Defendants be ordered to pay Plaintiff compensatory and general damages according to proof at trial;

2.     That Defendants be ordered to pay Plaintiff's lost earnings, bonuses, and other employee benefits, past and future;

3.     That Defendants be ordered to pay Plaintiff punitive damages award;

4.     That Defendants be ordered to pay prejudgment interest;

5.     That Defendants be ordered to pay Plaintiff's costs of suit;

6.     That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees pursuant to applicable law;

7.     That this Court order Defendants to pay penalties, interest, and any other remedies to Plaintiff;

8.     That this Court order Defendants to be enjoined from continuing to engage in illegal discrimination against disabled employees in compensation and career opportunities.

///

///

///

STEPHAN FILIP P.C.
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

1      9.      That this Court awards such other and further relief as the Court deems just and

2  proper.

3          Respectfully submitted by:

   DATED: February 13, 2025                              **Stephan Filip P.C.**

By: _____

   Shahane A. Martirosyan
   Attorney for Plaintiff
   Gary Wall

**STEPHAN FILIP P.C.**
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands trial by jury.

3          Respectfully submitted by:

4    DATED: February 13, 2025                    **Stephan Filip P.C.**

5

6                                                By: _____

7                                                    Shahane A. Martirosyan
                                                     Attorney for Plaintiff
8                                                    Gary Wall

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STEPHAN FILIP P.C.**
100 W. BROADWAY, SUITE 1040
GLENDALE, CA 91210

---

18
COMPLAINT FOR DAMAGES